IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RICHARD D. SIBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14CV737–HEH |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Staying Action Pending Resolution of Bankruptcy Action)

On June 23, 2015, the parties appeared for an evidentiary hearing on the issue of judicial estoppel, first raised by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") through its Motion for Summary Judgment. Wells Fargo asserts that Plaintiff Richard D. Sibert ("Plaintiff" or "Sibert") lacks standing to maintain this action, brought under the Servicemembers' Civil Relief Act ("SCRA"), 50 U.S.C. App. § 533, because he failed to identify any potential claims against Wells Fargo during his 2011 bankruptcy proceedings, thereby precluding the Chapter 7 trustee from pursuing or abandoning any such claim. Based upon that omission, Wells Fargo contends that Plaintiff is judicially estopped from bringing this action.

Judicial estoppel is an equitable doctrine invoked at a court's discretion to protect the integrity of the courts by preventing litigants from playing "fast and loose" with the judicial system. *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001). The doctrine "prevent[s] a party from taking a position in a judicial proceeding that is inconsistent with

a stance previously taken in court." The United States Court of Appeals for the Fourth Circuit has stated that four (4) elements are necessary for judicial estoppel to apply:

> (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

*Folio v. City of Clarksburg, W.Va.*, 134 F.3d 1211, 1217–18 (4th Cir. 1998); *see also Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996), *cert. denied*, 117 S.Ct. 954 (1997). "The determinative factor in the application of judicial estoppel is whether the party [sought] to be estopped intentionally misled the court to gain an unfair advantage." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995) (quoting *Tenneco Chems., Inc. v. William T. Burnett & Co., Inc.*, 691 F.2d 658, 665 (4th Cir. 1982)) (internal quotation marks omitted); *see also Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007). It is inappropriate to apply the doctrine when a party's prior position was based on inadvertence or mistake. *Faggert & Frieden*, 65 F.3d at 29; *see also New Hampshire v. Maine*, 532 U.S. at 753 ("[I]t may be appropriate to resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'") (quoting *Faggert & Frieden*, 65 F.3d at 29). This is such a situation.

The position taken by Plaintiff, as the party sought to be estopped, that he has a cause of action for wrongful foreclosure under the SCRA, is inconsistent with his position in his 2011 bankruptcy case. Wells Fargo's foreclosure on Plaintiff's home became final on May 13, 2009. Thus, his cause of action for wrongful foreclosure under the SCRA accrued on that date. When Plaintiff voluntarily filed for Chapter 7

2

bankruptcy on January 25, 2011, he did not list any claims or potential claims against Wells Fargo on his bankruptcy schedules. This inconsistent position—the existence versus the non-existence of a cause of action—is one of fact instead of law. Plaintiff's position that he had no pending or potential legal causes of action was accepted, and relied upon, by the bankruptcy judge in granting Plaintiff a complete discharge.

Although the first three elements required for the application of judicial estoppel are satisfied, the Court finds that Plaintiff did not intentionally mislead the bankruptcy court regarding his claim under the SCRA. Plaintiff testified that when he filed for bankruptcy in 2011, he was unaware that he had a potential cause of action. It was not until sometime in 2012, after receiving a notification from the United States Department of Justice ("DOJ") that Wells Fargo, among other banks, may have wrongfully foreclosed upon servicemembers in violation of the SCRA, that Plaintiff suspected he may have a cause of action. Plaintiff testified that following receipt of that mailing, he reached out to Wells Fargo and DOJ, and also performed internet research, to try to determine if he actually had a claim against Wells Fargo. It was not until 2013, after Plaintiff had spoken with an attorney on his military base who advised him to seek counsel, that he realized he had an actual cause of action.

The only evidence offered by Wells Fargo in support of its position that judicial estoppel bars Plaintiff's claim is an addendum to a move-out agreement signed by Plaintiff on October 27, 2009, through which Wells Fargo alleges Plaintiff waived any rights or protections afforded to him by the SCRA. (Def.'s Mem. in Opp'n to Pl.'s Mot. Summ. J., Ex. J, ECF No. 24-10.) Wells Fargo contends that because Plaintiff signed

3

such document, he was on notice that a cause of action may have existed, as the document clearly outlined the statute at issue—Section 533 of the SCRA. At the hearing, the Court asked Sibert whether anyone had explained to him his rights under the SCRA prior to signing the addendum, to which he responded that he had only brief discussions, focused primarily on the SCRA's provisions regarding financial loans and evictions. Based on the text of the addendum and the record evidence, however, the Court determined that a servicemember with Sibert's background and expertise, untrained in the practice of law, would not have known that he had a potential cause of action. Thus, Sibert was unaware of his SCRA claim when he filed for bankruptcy in 2011, and acted inadvertently, rather than intentionally, when he omitted the potential claim from the schedules attached to his Chapter 7 bankruptcy petition.

Having determined that judicial estoppel does not bar Plaintiff's SCRA claim, the issue becomes whether Plaintiff in his individual capacity had standing to maintain this action due to his failure to disclose the claim in his bankruptcy case. When an individual seeks bankruptcy protection, filing of the bankruptcy petition creates the bankruptcy estate, which is comprised of a broad range of both tangible and intangible property interests. 11 U.S.C. §§ 301, 541(a). "Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). The Fourth Circuit has recognized that "in the Chapter 7 bankruptcy context[,] which requires liquidation and distribution of assets by the trustee[,] . . . '[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim.'" *Id.*

4

(quoting *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir.1999)). "[T]he decision whether to pursue a claim or not is vested within the trustee's discretion." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997)

Accordingly, the property of Sibert's estate included this lawsuit—at that time, a potential cause of action. Sibert, therefore, had an affirmative duty to disclose the potential claim to the bankruptcy court pursuant to 11 U.S.C. § 521(a)(1)(B), but he, admittedly, did not do so. As this claim, which accrued on May 13, 2009 when his home was foreclosed upon, was undoubtedly property of his 2011 bankruptcy estate, only Sibert's trustee in bankruptcy would have standing to bring this claim. On June 9, 2015, Sibert moved to reopen his bankruptcy case to file the appropriate amendments regarding his SCRA claim pending in this Court. (Mot. to Reopen Case, *In re Sibert*, No. 11-70302-SCS, Bankr. E.D. Va., ECF No. 16.) A hearing before the bankruptcy court on that motion is scheduled for July 16, 2015. (Confirmation of Req. for Hr'g, *In re Sibert*, No. 11-70302-SCS, Bankr. E.D. Va., ECF No. 20.)

If the bankruptcy action is reopened, the trustee will have three (3) options in exercising his or her discretion regarding Sibert's pending SCRA case: "(1) intervene and assume prosecution as trustee, (2) consent to prosecution by the debtor for the benefit of the estate, or (3) decline prosecution" in which case Sibert has standing in his individual capacity, as this matter is presently filed. *Detrick*, 108 F.3d at 535. Regardless of which route Sibert's trustee in bankruptcy elects to pursue, standing will exist at that point. The question is simply who the proper party-plaintiff should be and in

5

what capacity. Nonetheless, until the bankruptcy court resolves Sibert's bankruptcy action, this Court cannot proceed on the merits.

Having reached the summary judgment stage, the Court finds that judicial efficiency and economy counsel against dismissing the case. Accordingly, the Court finds it prudent to stay this matter to allow Plaintiff to pursue the proper bankruptcy channels, a process which he has already begun. Upon completion of the necessary bankruptcy procedures to determine who the proper party-plaintiff is to prosecute this matter, the Court will resume the action. Any necessary motion for substitution will be taken up at that time. *See Detrick*, 108 F.3d at 535 (substituting plaintiffs' bankruptcy trustee as proper party-plaintiff at appellate level where debtors failed to list present causes of action on prior Chapter 7 bankruptcy schedules because unaware of claims' existence).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 26 2015
Richmond, Virginia